IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ELSTER AMCO WATER, LLC, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 4:13-cv-49 |
| | § | |
| DATAMATIC, LTD, | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Plaintiff Elster Amco Water, LLC's Motion for Summary Judgment (Dkt. 21). As set forth below, the Court recommends that the motion be **GRANTED**.

**I.   Factual Background and Procedural History**

Plaintiff alleges that it sold and delivered to Defendant Datamatic certain products from October 28, 2011 through January 27, 2012 on an open account. The principal balance due is $770,348.95.[1] Defendant Datamatic admits in its Answer that it received the products and that no payment has been made to Plaintiff.[2]

On or about January 25, 2013, Plaintiff filed suit in this Court against Defendant for the balance on the open account, plus pre-judgment and post-judgment interest, attorneys' fees and expenses. Defendant appeared in this action through counsel and filed its answer on June 4, 2013. On July 3, 2013, Plaintiff filed this Motion for Summary Judgment.

**II.   Legal Standard**

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of

---

[1] Dkt. 21 at ¶ 4.
[2] Dkt. 16 at ¶ 7.

material fact and the moving party is entitled to judgment as a matter of law.[3] The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[4]

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial.[5] In sustaining this burden, the movant must identify those portions of pleadings, depositions, and answers to interrogatories and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.[6] The moving party, however, "need not negate the elements of nonmovant's case."[7] The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case.[8]

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial."[9] Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial."[10] The citations to evidence must be specific, as the district court is not required to "scour the record" to

---

[3] FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999).
[4] *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986).
[5] *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001).
[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).
[7] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).
[8] *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).
[9] *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57).
[10] *Stults*, 76 F.3d at 655.

determine whether the evidence raises a genuine issue of material fact.[11] Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden.[12]

### III. Analysis

In its motion, Plaintiff argues that it is entitled to summary judgment against Datamatic for sums owed on the open account based on the evidence submitted, pleadings, itemized records and invoices, and affidavits. Plaintiff contends that the evidence establishes that there was an open account between it and Datamatic as demonstrated by the invoices and records of business transactions from October 28, 2011 through January 27, 2012, and that Datamatic has admitted that it accepted the products at issue and has not submitted payment to Plaintiff.

Plaintiff's motion was filed July 3, 2013. After no response was timely filed, on July 18, 2013, the Court entered an order stating that if no summary judgment response was filed by July 25, 2013, the Court would assume that Defendants did not oppose the relief requested by Plaintiff and proceed accordingly.[13] Defendants did not timely file any summary judgment response on July 25, 2013, and, to date, Defendants have made no motions to the Court attempting to show good cause for their failure to respond.

More importantly, Defendants have failed to file any summary judgment evidence whatsoever in this matter. Plaintiff, on the other hand, submits the following summary judgment evidence: Exhibit "A": Affidavit of John L. Southerland; Exhibit "B": Itemized invoices from October 28, 2011 through January 27, 2012 and three demand letters; Exhibit "C": Complaint filed by Elster in this lawsuit (the "Complaint"); Exhibit "D"; Answer filed by Datamatic in this lawsuit (the "Answer"); and Exhibit "E": Affidavit from Timothy P. Hurley, partner at Maginnis

---

[11] E.D. TEX. LOCAL R. CV 56-(d).
[12] *Stults*, 76 F.3d at 655.
[13] Dkt. 23.

& Hurley, APLC.[14] Defendant has not objected to or otherwise controverted any of these exhibits.

Although Plaintiff does not have the ultimate burden on summary judgment, the Court finds that none of the evidence in the summary judgment record creates a genuine issue of material fact as to the claims here. The Court will not – and indeed is not required to – scour the record in this matter to determine whether Defendants could create a genuine issue of material fact as to Plaintiff's claims. The non-movants' burden in summary judgment proceedings is clear.[15] The Court's time and resources are limited, and the Court will not do Defendant's work for it. Defendant has had over a month to prepare a response to submit evidence to create a genuine issue of material fact as to Plaintiff's claims, and it has not done so. In accordance with Local Rule CV-7(d), the Court thus assumes that Defendants' failure to respond to the motion for summary judgment indicates that they are not opposed to it and that, having been granted additional time to respond, they concede that there is no genuine issue of material fact as to at least one of the elements of Plaintiff's claims against it.

Therefore, Plaintiff's Motion for Summary Judgment (Dkt. 21) should be GRANTED and final summary judgment should be entered for Plaintiff as proposed (*see* Dkt. 21-6). In light of this recommendation, all pending deadlines are abated pending the District Judge's consideration of this report.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

---

[14] Dkts. 21-1 – 21-5.
[15] *See Ragas*, 136 F.3d at 458; *Stults*, 76 F.3d at 655.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.[16]

**SIGNED this 6th day of August, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

---

[16] *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276077 (5th Cir. 1988).